IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES NEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:10-CV-905-WKW [WO] |
| | ) |
| CITIFINANCIAL AUTO CREDIT, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff filed a Complaint (Doc. # 1, Attach. 2) against Defendants CitiFinancial Auto Credit, Inc. ("CitiFinancial"), Brent Saylors ("Saylors"), and Providence Acceptance Corporation ("PAC"). Prior to service of process against Mr. Saylors and PAC (Docs. # 13, 14), CitiFinancial removed the case to this court. Plaintiff's motions for default judgment have been granted against Mr. Saylors and PAC. (Doc. # 33.) Now pending is CitiFinancial's Motion for Judgment on the Pleadings (Doc. # 15) on Counts I and II of Plaintiff's Complaint. The motion is due to be granted.

## I.  JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 and 1367. Personal jurisdiction and venue are uncontested, and there are adequate allegations in support of both.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).  In considering a motion for judgment on the pleadings, the court must accept all facts in the complaint as true.  *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001); *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).  A judgment on the pleadings pursuant to Rule 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law[,]" *Ortega*, 85 F.3d at 1524, or when "the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the court to draw a reasonable inference that the defendant is liable for the alleged

misconduct." *Jiles v. United Parcel Serv., Inc.*, 413 F. App'x 173, 174 (11th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

## III.  FACTUAL BACKGROUND

Accepting Plaintiff's factual allegations in the Complaint as true, the court finds the following facts:

On August 29, 2005, Plaintiff purchased on credit a new 2006 GM Hummer H3 (the "Hummer").  The Hummer was financed for 72 months through CitiFinancial. (Compl. ¶ 5.)  Until November 2008, Plaintiff made timely payments to CitiFinancial as required by the promissory note that Plaintiff executed in CitiFinancial's favor. (Compl. ¶¶ 6, 7, 12.)  However, around November 2008, Plaintiff entrusted the Hummer to Mr. Saylors and PAC, merchants in the business of selling automobiles, through a consignment agreement whereby Mr. Saylors and PAC would offer the Hummer for sale to the public.  (Compl. ¶ 7.)  One provision of the alleged consignment agreement was that Mr. Saylors and PAC would pay the balance of Plaintiff's note to CitiFinancial.[1]  (Compl. ¶¶ 8, 27.)  Mr. Saylors and PAC tendered to CitiFinancial a "check that was drafted on an account with insufficient funds to cover said check."  (Compl. ¶ 8.)  CitiFinancial failed to verify that the checking

---

[1] It is unclear whether this was to be done immediately, eventually, or upon the sale of the Hummer.

3

account had sufficient funds, and released the Hummer's title to Mr. Saylors and PAC, which was then transferred to the third-party purchaser, who purchased the Hummer from Mr. Saylors and PAC. (Compl. ¶ 9.)

In Count I of the Complaint, Plaintiff alleges that CitiFinancial breached its contract with Plaintiff by "fail[ing] to perform all of its duties it was obligated to perform under the contract." (Compl. ¶ 16.) In Count II, Plaintiff alleges that CitiFinancial "breached its duty [to use ordinary care] by negligently and/or wantonly releasing Plaintiff's title to [PAC] without verifying there were adequate funds received from [PAC] . . . ." (Compl. ¶¶ 19-20.)

### III. DISCUSSION

**A.    Count I – Breach of Contract**[2]

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff['s] performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009).

---

[2] As the court finds below, CitiFinancial is entitled to judgment on the pleadings on Count I, based upon Plaintiff's own nonperformance under the contract. Even were this not the case, Count I's allegation that "[CitiFinancial] failed to perform all of its duties it was obligated to perform under the contract" is inadequate under Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 556, 570. Plaintiff fails to allege the specific contractual duties CitiFinancial neglected.

CitiFinancial argues that judgment on the pleadings is appropriate because the undisputed facts from Plaintiff's Complaint reveal that Plaintiff himself has not performed under the contract. Specifically, CitiFinancial points to Plaintiff's allegations in the Complaint that Mr. Saylors and PAC "failed to pay off Plaintiff's note" and that CitiFinancial has "reported negative information on Plaintiff's credit reports, and ultimately charged off the balance due on Plaintiff's note . . . ." (Compl. ¶¶ 10, 12.) Plaintiff responds that CitiFinancial was in breach of the contract by "continu[ing] to seek payment from Plaintiff, even after accepting a payoff from a third party and releasing the title to that third party." (Pl.'s Resp. 4 (Doc. # 26).)

The fact that Plaintiff attempted to delegate his contractual obligations under the promissory note to Mr. Saylors and PAC does not relieve Plaintiff of his contractual duties under the promissory note. Alabama law is clear on this point. *See* Ala. Code § 7-2-210(1) ("No delegation of performance relieves the party delegating of any duty to perform or any liability for breach."); *see also DuPont v. Yellow Cab Co. of B'ham, Inc.*, 565 So. 2d 190, 193 (Ala. 1990) ("If a party to the contract appoints a third party to render performance under the contract, he has made a delegation . . . . [U]pon the delegation of a contractual duty, the delegating party remains liable under the contract . . . ."). Thus, Plaintiff's own admitted nonperformance under the contract (Comp. ¶ 12 (stating that CitiFinancial "ultimately

5

charged off the balance due on Plaintiff's note")) is fatal to his breach of contract claim, and CitiFinancial is entitled to judgment on the pleadings on Count I of the Complaint.

**B.     Count II – Negligence**

"To establish negligence, the plaintiff must prove:  (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (citation omitted).

CitiFinancial contends that Plaintiff has not alleged proximate causation. Specifically, CitiFinancial argues that "[t]he person who purchased the Hummer from [Mr.] Saylors and PAC was and is a 'buyer in the ordinary course of business' and has and would have had full title to the Hummer regardless of any actions taken by CitiFinancial." (Def.'s Br. in Support 6.)  Plaintiff does not contest that the purchaser of the Hummer was a buyer in the ordinary course of business (Pl.'s Resp. Br. 5), but appears to argue that CitiFinancial never would have released the title to the Hummer if it had properly investigated the source of the check, and that "[o]nce title passed to the new buyer, Plaintiff's rights and interests in the Hummer vanished."  (Pl.'s Resp. Br. 4.)  Thus, Plaintiff attempts to draw a causal connection between the extinguishing of his own rights in the Hummer (the alleged harm) and CitiFinancial's decision to release the Hummer's title (the alleged breach).

6

Under Alabama's version of Article 2 of the Uniform Commercial Code, "[a]ny entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in the ordinary course of business." Ala. Code. § 7-2-403(2). "'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence . . . ." § 7-2-403(3). Furthermore, the Alabama Supreme Court has held that "[a person] who had entrusted used automobiles to a merchant 'failed in his attempt to retain title to the used automobiles by holding the certificates of title.'" *Jones v. Mitchell*, 816 So. 2d 68, 71-72 (Ala. Civ. App. 2001) (quoting *Crum v. SouthTrust Bank of Ala., N.A.*, 598 So. 2d 867, 872 (Ala. 1992)). In other words, the passing or non-passing of the certificate of title does not prevent the buyer in the ordinary course of business from extinguishing the true owner's rights in the vehicle.

Thus, Plaintiff's entrustment of the Hummer by delivering possession of the Hummer to Mr. Saylors and PAC – merchants who deal in used automobiles (Compl. ¶ 7) – and Mr. Saylors's and PAC's subsequent sale of the Hummer to a buyer in the ordinary course of business, had the effect of extinguishing Plaintiff's rights in the Hummer. The fact that CitiFinancial released the Hummer's title and it passed with the Hummer to the buyer in the ordinary course of business had no effect on the end

result: that Plaintiff's "rights and interests" in the Hummer have now vanished.[3] Thus, any breach of a duty owed to Plaintiff by CitiFinancial did not proximately cause Plaintiff's harm: his loss of the Hummer. CitiFinancial is entitled to judgment on the pleadings on Count II of Plaintiff's Complaint.

## IV.  CONCLUSION

Accordingly, it is ORDERED that CitiFinancial's Motion for Judgment on the Pleadings (Doc. # 15) is GRANTED and Counts I and II of the Complaint are DISMISSED with prejudice.

DONE this 10th day of August, 2011.

                                       /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[3] On these pleadings, it can be safely assumed that both Mr. New and the ultimate purchaser of the Hummer were innocent victims of the dishonesty of Mr. Saylors and PAC. *Jones* explains the interaction between the UCC and the automobile title act and the policies underlying the law in this area. 816 So. 2d at 72. Put simply, the law favors less risk for consumers in the marketplace.