IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES NEW,

Plaintiff,

v.

CITIFINANCIAL AUTO CREDIT, INC., d/b/a CITIFINANCIAL AUTO, BRENT SAYLORS, and PROVIDENCE ACCEPTANCE CORPORATION,

Defendants.

CASE NO. 1:10-CV-905-WKW
[WO]

**MEMORANDUM OPINION AND ORDER**

## I. INTRODUCTION

Before the court is Defendant CitiFinancial Auto Credit, Inc.'s Motion for Summary Judgment (Doc. # 40), which is accompanied by a supporting brief and evidentiary submissions (Doc. # 41 & Attach. 1 to Doc. # 40). Plaintiff James New filed a response in opposition (Doc. # 47), to which CitiFinancial replied (Doc. # 49). The day before Mr. New filed his response in opposition, he filed a Motion for Leave to File Amended Complaint (Doc. # 46), which CitiFinancial opposed (Doc. # 48). After careful consideration of the arguments of counsel, the applicable law and the record as a whole, the court finds that Mr. New's Motion for Leave to File Amended

Complaint is due to be denied and CitiFinancial's Motion for Summary Judgment is due to be granted in part and denied in part.

## II. JURISDICTION AND VENUE

The court properly exercises subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Personal jurisdiction and venue are adequately pleaded and not contested.

## III. STANDARD OF REVIEW

On summary judgment, the evidence and the inferences from that evidence must be viewed in the light most favorable to the nonmovant. *See Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010). Hence, "'facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case.'" *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002) (quoting *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 n.3 (11th Cir. 2000)).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008); Fed. R. Civ. P. 56(c). When the nonmovant fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

## IV. BACKGROUND

### A. Factual Background

The facts are fairly straightforward and undisputed. On August 29, 2005, James and Vicki New purchased a 2006 GM Hummer H3 from Jim Jard Automotive Group. (Woods's Aff. ¶ 4–5 (Attach. 1 to Doc. # 40).) The News financed the purchase of the Hummer with a $38,034 loan from CitiFinancial. (Def.'s Ex. 3; Woods's Aff. ¶ 6.)

In November 2008, Mr. New entered into a consignment agreement with Defendants Brent Saylors and the Providence Acceptance Corporation ("PAC") to sell the Hummer. As part of the agreement, Mr. Saylors and PAC agreed to pay off Mr. New's loan with CitiFinancial. (New's Aff. 1 (Pl.'s Ex. 1).) Mr. Saylors and PAC sold the Hummer to a third party and mailed a check to CitiFinancial to pay off the balance on the loan. CitiFinancial received this check on November 26, 2008. (Woods's Aff. ¶ 7.) CitiFinancial released the title to the Hummer and wrote Mr. New a letter stating the loan was paid in full. (Dec. 8, 2008 Letter (Pl.'s Ex. 2).) However, on December 9, 2008, CitiFinancial discovered that there were insufficient funds in the account to cover the amount of the check. (Woods's Aff. ¶ 8.)

CitiFinancial wrote Mr. New another letter, advising him that he should continue making payments on the loan. (Dec. 11, 2008 Letter (Pl.'s Ex. 3).) By this

time, the Hummer and the title had been delivered to the new owner. The News and CitiFinancial attempted to resolve the issue. Mr. New made a payment on the loan on December 21, 2008. (Def.'s Ex. 4.) CitiFinancial informed the News that "as a courtesy" it would "suspend[ ] credit reporting on the account until a resolution [was] reached." (March 30, 2009 Letter (Pl.'s Ex. 1-A).)

However, in December 2009, the News discovered that the loan had been reported "charged off as bad debt." (TransUnion 2009 Report (Pl.'s Ex. 4).) In early January 2010, the News gave notice to Equifax and TransUnion that they disputed the loan being marked as charged off. (New's Aff. 2; Pl.'s Ex. 1-B.) However, after Equifax and TransUnion conducted investigations into the dispute, they refused to recode the loss. (Pl.'s Ex. 1-C.) To date, there is an outstanding balance of $19,576.87 on the loan. (Woods's Aff. ¶ 9.)

**B. <u>Procedural Background</u>**

CitiFinancial removed the case from the Circuit Court of Houston County, Alabama, on October 26, 2010. Mr. New's motions for default judgment have been granted against Mr. Saylors and PAC, and Mr. New has submitted a brief addressing the issue of damages against these Defendants. (Docs. # 33 & 39.) Additionally, a memorandum opinion and order has been issued, granting CitiFinancial's Motion for Judgment on the Pleadings as to Mr. New's claims for breach of contract and

negligence (Counts I and II of the complaint). *See New v. Citifinancial Auto Credit, Inc.*, No. 1:10-CV-905-WKW, 2011 WL 3503128 (M.D. Ala. Aug. 10, 2011).

## V. DISCUSSION

CitiFinancial's summary judgment motion requests that Mr. New's remaining claim against it, a claim under the Fair Credit Reporting Act ("FCRA"), be dismissed and that summary judgment be granted on its counterclaims against Mr. New for breach of contract and unjust enrichment. (Def.'s Summ. J. Mot. 1.) Because Mr. New's Motion for Leave to File Amended Complaint potentially affects the summary judgment analysis of his FCRA claim, this motion will be addressed first.

### A. <u>Mr. New's Motion for Leave to File Amended Complaint</u>

Mr. New filed this motion the day before he filed his response to CitiFinancial's motion for summary judgment. (*See* Doc. # 46.) Mr. New seeks to amend his complaint to correct a typographical error. Instead of identifying the FCRA claim under 15 U.S.C. § 1681 *et seq.*, Mr. New's complaint identifies the statute as 15 U.S.C. § 1681e(b). (Doc. # 46 ¶ 5; Pl.'s Compl. ¶ 24 (Attach. 2 to Doc. # 1).) CitiFinancial opposes the motion, arguing that allowing the amended complaint would be futile. (Doc. # 48, at 2.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party who seeks to amend a pleading outside of the license of Rule 15(a)(1) may do so with the court's

leave. Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." However, "[a] proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

The proposed amended complaint identifies CitiFinancial as a furnisher of information. Under the FCRA, furnishers of information have a duty to provide accurate information to consumer reporting agencies, § 1681s-2(a), and a duty to conduct an investigation as to the completeness or accuracy of provided information upon receiving notice of a consumer's dispute from a consumer reporting agency. § 1681s-2(b).

The FCRA does not provide a private right of action to redress a furnisher of information's violation of its duty under § 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c); *see also Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (*per curiam*) ("[T]he [FCRA] explicitly bars private suits for violations of [§ 1681s-2(a)]."); *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (*per curiam*) (holding that the FCRA does not provide a private right of action to redress a violation of § 1681s-2(a)); *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1280–81 (S.D. Ala. 2010).

The FCRA does provide a private right of action when a furnisher of information violates its duty under § 1681s-2(b). *See* 15 U.S.C. § 1681s-2(b)(1); *see also Peart*, 345 F. App'x at 386; *Green*, 288 F. App'x at 642; *Quale*, 682 F. Supp. 2d at 1281. To be liable, however, the furnisher of information must have received notice of a consumer's dispute from a consumer reporting agency. *See Green*, 288 F. App'x at 642 ("The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency.").

Mr. New's proposed amended complaint alleges that the consumer credit report obtained by Mr. New "contained false and/or inaccurate information because [CitiFinancial], as a furnisher of information to consumer reporting agencies, failed to follow reasonable procedures to investigate and assure the maximum possible accuracy of the information which [CitiFinancial] reported to consumer credit reporting agencies relating to [Mr. New] . . . ." (Attach. 1 to Doc. # 46, ¶ 15.) Mr. New does not allege that he disputed the information in his consumer report, let alone that CitiFinancial was informed by a consumer reporting agency of a dispute. Mr. New's proposed amended complaint does not properly allege a violation of § 1681s-2(b).

Notwithstanding this pleading deficiency, the record has been scoured in search of facts to support the claim, but there are none. It is undisputed that the News gave notice to the consumer reporting agencies Equifax and TransUnion that they disputed the loan being marked as charged off, Pl.'s Ex. 1-B, and that both Equifax and TransUnion conducted investigations into this matter. (Pl.'s Ex. 1-C.) However, at no time in this eighteen-month-old case has Mr. New asserted or adduced facts that CitiFinancial was informed by Equifax, TransUnion, or any other consumer reporting agency of the News' dispute. Because there is an absence of allegations or facts in the record as to an essential element of a § 1681s-2(b) claim, Mr. New's Motion for Leave to File Amended Complaint is due to be denied as futile.

**B. <u>Mr. New's Fair Credit Reporting Act Claim (Count III)</u>**

Because Mr. New's Motion for Leave to File Amended Complaint is due to be denied, CitiFinancial's Motion for Summary Judgment on Count III of the original complaint must be addressed. Mr. New's complaint alleges that CitiFinancial violated § 1681e(b) of the FCRA. (Pl.'s Compl. ¶ 24.) However, the duty to ensure the accuracy of a consumer report under § 1681e(b) only applies to consumer reporting agencies.[1] The parties do not dispute that CitiFinancial is a furnisher of information,

[1] "Whenever a consumer reporting agency prepares a consumer report[,] it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b).

and not a consumer reporting agency. (Pl.'s Resp. Br. 4; Def.'s Reply Br. 3.) Thus, summary judgment is due to be granted on Mr. New's FCRA claim against CitiFinancial under § 1681e(b). *See Rush v. Macy's N.Y., Inc.*, 775 F.2d 1554, 1557 (11th Cir. 1985) (upholding a dismissal of an FCRA claim against Macy's because it was only a furnisher of information, and not a consumer reporting agency).

**C. <u>CitiFinancial's Breach of Contract Counterclaim</u>**

In its First Amended Answer, CitiFinancial asserts a counterclaim against Mr. New for breach of contract. (Doc. # 22, at 18.) In order to succeed on its breach-of-contract claim, CitiFinancial must show (1) there was a valid contract binding the parties; (2) CitiFinancial performed under the contract; (3) Mr. New did not perform; and (4) resulting damages. *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (listing the elements of a breach-of-contract claim under Alabama law).

Elements one, two, and three are satisfied. It is undisputed that the loan agreement was a valid, binding contract, *see* Doc. # 32 ¶ 10; Pl.'s Resp. Br. 6, that CitiFinancial performed under the loan agreement by loaning Mr. New money to obtain the Hummer, *see* Doc. # 32 ¶ 4; Woods's Aff. ¶ 6, and that there is a current balance of $19,576.87 due on the loan. (*See* Pl.'s Resp. Br. 6; Woods's Aff. ¶ 9.)

The parties dispute whether Mr. New performed under the contract. CitiFinancial alleges that Mr. New "breached the contract by failing or refusing to pay

the money owed CitiFinancial." (Doc. # 22, 18.) Mr. New argues that his obligations under the loan agreement were extinguished when CitiFinancial accepted the check from Mr. Saylors and PAC and released the vehicle's title to the third-party purchaser. (Pl.'s Resp. Br. 6.) Mr. New asserts that CitiFinancial's counterclaims are only proper against Mr. Saylors and PAC. (Pl.'s Resp. Br. 6.)

Mr. New's argument has already been rejected in this court's previous opinion. It was found that Mr. New's "own admitted nonperformance under the contract . . . [was] fatal to his breach of contract claim," *New*, 2011 WL 3503128, at *2, because a party's delegation of his contractual duties does not relieve that party of any duty to perform or any liability for breach of contract. *See* Ala. Code § 7-2-210(1). Mr. New delegated his duty to pay to Mr. Saylors and PAC when he entered into a consignment agreement with them. Mr. Saylors and PAC failed to carry out the duty to pay when they wrote a worthless check to CitiFinancial. *See Ross v. State Life Ins. Co.*, 143 So. 827, 827–28 (Ala. 1932) ("In the absence of an agreement to the contrary, a check is merely a conditional payment, and is presumptively received, not as a payment, but as a convenient means of getting the money." (internal quotations omitted)). Thus, Mr. New is still liable for the outstanding balance on the loan. Because there is no genuine issue of material fact, and CitiFinancial has presented evidence supporting

each element of its breach-of-contract counterclaim, summary judgment is due to be entered in its favor on this claim.

**D. <u>CitiFinancial's Unjust Enrichment Counterclaim</u>**

CitiFinancial also asserts a counterclaim against Mr. New for unjust enrichment in the amount of the unpaid balance on the loan. (Doc. # 22, at 19.) "The doctrine of unjust enrichment . . . permit[s] the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1193 (Ala. 2008) (citations omitted). However, under Alabama law, unjust enrichment, as an equitable remedy, may only be relied upon when there is no adequate remedy at law. *See, e.g.*, *Am. Family Care, Inc. v. Irwin*, 571 So. 2d 1053, 1061 (Ala. 1990) ("[T]he presence of an adequate remedy at law precludes the enforcement of a constructive trust[,]" which "is [an equitable] remedy created to prevent unjust enrichment."); *see also Teleprompter of Mobile, Inc. v. Bayou Cable TV*, 428 So. 2d 17, 20 (Ala. 1983) ("[A]n injunction, like any other equitable remedy, will only issue where there is no adequate remedy at law."). Because summary judgment is due to be granted on CitiFinancial's breach-of-contract claim, CitiFinancial has an adequate remedy at law to recover the unpaid balance on the loan. Thus, CitiFinancial's unjust enrichment claim is precluded and summary judgment is due to be denied. *See, e.g.*, *Pearson's Pharmacy, Inc. v. Express Scripts,*

*Inc.*, 505 F. Supp. 2d 1272, 1278 (M.D. Ala. 2007) (dismissing an unjust enrichment claim with prejudice because plaintiffs had an adequate remedy at law for damages under a theory of breach of contract); *Vision Bank v. 145, LLC*, No. 10-00521-KD-B, 2011 WL 5289070, at *9 (S.D. Ala. Nov. 4, 2011) (granting plaintiff's summary judgment motion on defendant's counterclaim for unjust enrichment because there was an adequate remedy at law for damages under a theory of breach of contract); *but see Wells Fargo Bank, N.A. v. Vergos*, No. 11-00439-CB-N, 2012 WL 206169, at *3 (S.D. Ala. Jan. 24, 2012) (holding that, on summary judgment, the plaintiff-bank was entitled to recover on the unpaid balance on a loan from the defendant-borrow under both a theory of breach of contract and unjust enrichment).

## VI. CONCLUSION

For the foregoing reasons, it is ORDERED that Mr. New's Motion for Leave to File Amended Complaint (Doc. # 46) is DENIED and that CitiFinancial's Motion for Summary Judgment (Doc. # 40) is GRANTED as to Mr. New's FCRA claim (Count III of the complaint) and CitiFinancial's Breach of Contract Counterclaim (Counterclaim I) and DENIED as to CitiFinancial's Unjust Enrichment Counterclaim (Counterclaim II).

DONE this 26th day of June, 2012.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE